**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2864-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS R. PACHECO, a/k/a
JOSE M. RIVERA, LUIS
ROSARIO, and LUIS
ROSARIO PACHECO,

    Defendant-Appellant.

_____

Submitted January 28, 2026 – Decided February 11, 2026

Before Judges Smith and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-03-0698.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Luis R. Pacheco appeals from the post-conviction relief (PCR) court's refusal to grant an evidentiary hearing on his ineffective assistance of counsel claims. Defendant alleged that trial counsel failed to consult with him in any meaningful way before and during trial. He claims counsel never reviewed discovery, explained strategy, prepared him to testify, or evaluated the State's plea offer. The matter involved defendant's conviction, after trial, for attempted murder, robbery, endangering the welfare of a child, and criminal restraint. At trial, defendant's brother testified he told police that defendant had admitted the crimes to him on the day they occurred. Defendant's PCR petition alleges his brother's recantation on August 16, 2022, is new evidence warranting an evidentiary hearing. However, a prior recantation occurred before trial and his brother was cross-examined with respect to the recantation. We affirm the denial of PCR and the denial of an evidentiary hearing.

I.

The parties are well-apprised of the facts, and we need not set them forth here at length. Instead, we incorporate by reference the facts and legal conclusions in our opinion regarding defendant's direct appeal. See State v. Pacheco, No. A-5042-16 (App. Div. Apr. 11, 2019) (slip op. at 2-17).

A-2864-23

Pertinent to this appeal, an Essex County grand jury indicted defendant for first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3a (count one); first-degree kidnapping, N.J.S.A. 2C:13-1b(1)(2) (count two); first-degree robbery, N.J.S.A. 2C:15-1a(1) (count three); third-degree terroristic threats, N.J.S.A. 2C:12-3b (count four); third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4a (count five); and third-degree criminal restraint, N.J.S.A. 2C:13-2a (count six). In 2017, a jury found defendant guilty of counts one, three, four, five, and six, and not guilty of count two. The trial court originally sentenced defendant to forty years, with an eighty-five percent period of parole ineligibility on count one, to run consecutive to count five and concurrent to counts three and six; twenty years on count three, with an eighty-five percent period of parole ineligibility, to run concurrent to counts one, five, and six; five years on count five, with two and a half years of parole ineligibility, to run consecutive to counts one, three, and six; and five years on count six, to run concurrent with counts one, three, and five. Count four merged with count one.

On April 11, 2019, we affirmed defendant's convictions but remanded the matter to the trial court for a re-evaluation of its previously imposed consecutive sentences. On July 31, 2019, defendant was resentenced to thirty years on count

A-2864-23

one, with an eighty-five percent period of parole ineligibility, to run concurrent to counts three, five, and six; twenty years on count three, with an eighty-five percent period of parole ineligibility, to run concurrent to counts one, five, and six; five years on count five, with two and one-half years of parole ineligibility, to run concurrent to counts one, three, and six; and five years on count six, to run concurrent to counts one, three, and five.

On September 23, 2020, we affirmed defendant's sentence but remanded the matter to the trial court for the entry of a corrected judgment of conviction to remove aggravating factor one. Defendant's judgment of conviction was appropriately amended on October 23, 2020.

Defendant filed a verified petition for PCR in 2019, which was amended April 2023. The trial court denied defendant's PCR on March 26, 2024. This appeal followed.

Pursuant to Rule 3:22-12(a)(1), "no petition shall be filed . . . more than [five] years after the date of entry . . . of the judgment of conviction that is being challenged." "The five-year time limit is not absolute. '[A] court may relax the time bar if the defendant alleges facts demonstrating that the delay was due to the defendant's excusable neglect or if the "interests of justice" demand it.'"

A-2864-23

State v. Milne, 178 N.J. 486, 492 (2004) (alteration in original) (quoting State v. Goodwin, 173 N.J. 583, 594 (2002)).

The trial court dismissed the original petition for PCR without prejudice, stating it was prematurely filed because of the pending direct appeal. Pursuant to Rule 3:22-12(a)(3), a PCR petition dismissed without prejudice because of a pending direct appeal:

> shall be treated as a first petition for purposes of these rules if refiled within 90 days of the date of the judgment on direct appeal, including consideration of a petition for certification, or within five years after the date of the entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged.

The record reflects there was a petition filed in November 2019 that was timely. In addition, the amended petition states: "Following the decision from [A]ppellate [D]ivision dated September 23, 2020, the petitioner's pro se petition was refiled and is now pending." Therefore, we will consider the substantive allegations as there is evidence of a timely petition.

II.

In State v. Hernandez-Peralta, our Supreme Court recently reaffirmed our role in reviewing PCR petitions: "Our review of a PCR court's factual findings is 'necessarily deferential.' However, we review a PCR court's legal conclusions

A-2864-23

de novo." 261 N.J. 231, 246 (2025) (citation omitted) (quoting State v. Nash, 212 N.J. 518, 540 (2013)).

That de novo review extends to whether an evidentiary hearing was necessary to rule on the merits of a PCR petition because, in the absence of PCR, a defendant may argue an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance of counsel claim. See State v. Porter, 216 N.J. 343, 354-55 (2013). However, the PCR court should grant an evidentiary hearing only where: (1) a defendant is able to establish a prima facie case of ineffective assistance of counsel; (2) there are material issues of disputed fact that must be resolved with evidence outside of the record; and (3) the hearing is necessary to resolve the claims for relief. See R. 3:22-10(b); Porter, 216 N.J. at 354.

We preface our analysis by acknowledging the well-known legal principles governing PCR appeals. PCR is analogous to the federal writ of habeas corpus. State v. Pierre, 223 N.J. 560, 576 (2015). To be entitled to an evidentiary hearing, the petitioner must "allege specific facts and evidence supporting his allegations." Porter, 216 N.J. at 355. Both the Sixth Amendment of the United States Constitution and Article 1, Paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages

6

of criminal proceedings. See Strickland v. Washington, 466 U.S. 668, 686-87 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). In addressing an ineffective assistance of counsel claim raised in a petition for PCR, New Jersey courts follow the two-part test articulated in Strickland, 466 U.S. at 687. See Fritz, 105 N.J. at 58. "First, the defendant must show that counsel's performance was deficient." State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Strickland, 466 U.S. at 687). "Second, the defendant must have been prejudiced by counsel's deficient performance." Ibid. (citing Strickland, 466 U.S. at 687).

To meet the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Reviewing courts provide "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689. "A court evaluating a claim of ineffective assistance of counsel must avoid second-guessing defense counsel's tactical decisions and viewing those decisions under the 'distorting effects of hindsight.'" State v. Marshall, 148 N.J. 89, 157 (1997) (quoting Strickland, 466 U.S. at 689).

The second Strickland prong requires the defendant to show counsel's errors created a "reasonable probability" that the outcome of the proceeding

would have been different if counsel had not made the errors.  Strickland, 466 U.S. at 694.  This "is an exacting standard."  Gideon, 244 N.J. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)).  Prejudice is not presumed but must instead be affirmatively proven by the defendant.  Ibid. (quoting Strickland, 466 U.S. at 693).

First, defendant claims, without giving any specific examples, that he demonstrated a prima facie case of ineffective assistance of counsel because trial counsel failed to consult with him in any meaningful way before and during trial.  He claims counsel never reviewed discovery, explained strategy, prepared defendant to testify, or evaluated the State's plea offer.  Bald assertions cannot form the requisite basis of a prima facie case of ineffective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  And, although defendant raised issues with respect to defense counsel's performance on direct appeal, such as the failure to object at summation, which we rejected, this is the first time he raises broad, sweeping allegations of attorney neglect.

Second, defendant claims his brother's recantation is "new evidence" warranting an evidentiary hearing.  This is not newly discovered evidence. Before trial, defendant's brother gave two statements:  one implicating his brother and one recanting the first statement.  In the "new" recantation,

defendant's brother claims the victim's son offered him money to make a false statement to police. Defendant's brother testified as to both statements at trial:

Q. Back in June of 2016, do you recall speaking with a person by the name of [F.S.]? Please forgive my pronunciation.

A. That was on the phone.

Q. Do you remember what you said to Ms. [S]?

A. No.

Q. Do you recall telling Ms. [S] why you gave the statement to the police?

A. Yes.

Q. What did you tell Ms. [S] about that statement?

A. That the son of the lady [victim] had threatened me, but that's not what happened.

Q. What did you tell Ms. [S] about how the son had threatened you?

A. That the son had come to my house with a gun to tell me to say that it had been my brother.

Q. Did he ever -- did you ever tell Ms. [S] anything about the son offering you money?

A. Yes.

Q. Did the lady's son actually offer you money to give your statement to the police?

A. No.

Q. Did the lady's son actually threaten you with a gun to give the statement to the police?

A. No.

Defendant's attorney then conducted an extensive cross-examination of the two statements, including this colloquy:

> Q. So, what you told him to -- what you told him right now is accurate or what you told him two weeks ago is accurate?
>
> A. What I've told him all the time is the correct -- the correct one.
>
> Q. Okay. So, your testimony today is what you told Ms. [S] is a lie?
>
> A. Yep.
>
> Q. Not only was it a lie, but you made up an entire story to go up that lie?
>
> A. Yep.

Defendant cannot show his attorney was deficient regarding the recantation evidence because it was specifically addressed during testimony and substantive cross-examination. The issue of the brother's testimony and subsequent recantations was also not raised on direct appeal.

Even if we accept defendant's general allegations of counsel's ineffective assistance for purposes of this appeal, defendant did not establish prejudice pursuant to Strickland, as he failed to offer any evidence of prejudice that would have affected his convictions. Instead, he offers only bald, unsubstantiated assertions that the outcome would have been different. See Porter, 216 N.J. at 355 (holding a defendant is not entitled to an evidentiary hearing where allegations of ineffective assistance of counsel are "too vague, conclusory, or speculative" and not supported by "specific facts and evidence") (quoting Marshall, 148 N.J. at 158). We agree with the PCR court that the evidence, including DNA evidence placing him at the scene and the victim's testimony, supported the convictions.

Defendant did not demonstrate a prima facie claim of ineffective assistance of counsel and the PCR court properly denied defendant an evidentiary hearing. The court's findings are sound, and its legal conclusions are correct.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11